UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **RODNEY WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. 3:04 CV 478 |
| | ) |
| **OLD DOMINION FREIGHT LINE INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### OPINION and ORDER

This matter is before the court on a motion to remand filed by plaintiff Rodney Williams ("plaintiff") on January 13, 2005. Defendant Old Dominion Freight Line, Inc. ("defendant") has not filed a response to plaintiff's motion. For the following reasons, this court shall deny plaintiff's motion.

On June 28, 2004, plaintiff, who was once a truck driver in defendant's employ, filed a state court complaint alleging that defendant wrongfully terminated his employment on September 26, 2004 for refusing to drive a specific route which plaintiff believed to be a "no truck route." (Pl.'s Compl. ¶¶ 4-9). Plaintiff did not specify within his complaint the *amount* of damages he seeks to recover from defendant, however, he does generally request "damages for the earnings he would have earned had he not been wrongfully discharged" along with punitive damages, attorney's fees and costs. (Pl.'s Compl.¶ 10). On July 21, 2004, defendant removed the instant action to federal court pursuant to 28 U.S.C. § 1332(a)(1) which provides this court with jurisdiction over those actions where the matter in controversy exceeds the sum of $ 75,000.00, exclusive

of interest and costs, and is between citizens of different states. On January 13, 2005, plaintiff filed the motion to remand now before this court. In his motion for remand, plaintiff argues that the value of this case does not exceed $ 75,000.00, and therefore this court lacks diversity jurisdiction. (Pl.'s Aff. ¶ 4).

Jurisdiction is determined as of the instant of removal. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). At the instant of this case's removal to federal court, the parties were clearly citizens of different states,[1] and this court finds that defendant had good reason to believe that the amount in controversy exceeded $ 75,000.00. Indeed, although Indiana's pleading rules do not require a damages amount to be specified within a complaint, a plaintiff who wishes to ensure that his case stays in state court *must* file, *with his complaint*, a binding stipulation or affidavit stating that his damages do not exceed $ 75,000.00. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997) ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints. . . . ."). The failure to make such a stipulation leads to an inference that the plaintiff thinks his claim is worth more. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). As plaintiff did not file a stipulation in the instant action, there existed such an inference in this case. This inference is strongly reinforced by the particular types of relief plaintiff requests –

---

[1] Plaintiff does not dispute that the parties to this action are citizens of different states.

earnings he would have received had he not be wrongfully terminated,[2] punitive damages *and* attorney's fees.

Ultimately, once a defendant has properly removed a plaintiff's case to federal court, any later filings by that plaintiff in attempt to limit his recovery to less than the jurisdictional amount – such as plaintiff's affidavit in the instant action – are *irrelevant*. *Chase*, 110 F.3d at 430; *see also In re Shell Oil Co.*, 970 F.2d at 356 (As jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation limiting the plaintiff's claim does not authorize remand). As this court believes that diversity jurisdiction was properly established at the time of removal, plaintiff's affidavit seeking to limit his recovery has absolutely no effect upon that jurisdiction. *See In re Shell Oil Co.*, 970 F.2d at 356. Thus, plaintiff's motion to remand (docket # 11) is **DENIED**.

**SO ORDERED.**

**Enter**: May 31, 2005

　　　s/James T. Moody　　　　
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] One could reasonably believe such damages might exceed $ 75,000.00 on their own. The court notes here that defendant most certainly bears a unique ability to calculate the damages sought by plaintiff, at least with regard to earnings plaintiff would have received had plaintiff not been terminated, in as far as defendant is presumably aware of what plaintiff's salary was while plaintiff served as a truck driver for defendant.