UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:04-CV-478 |
| OLD DOMINION FREIGHT LINE, INC. | ) |
| Defendant. | ) |

## MEMORANDUM AND OPINION

Defendant Old Dominion Freight Line has moved for summary judgment against plaintiff Rodney Williams with respect to Williams' claim of wrongful employment termination. (Docket # 17.) In addition, defendant has moved to strike paragraph 2 of the affidavit plaintiff attached to his response to defendant's motion for summary judgment. (Docket # 20.) For the reasons set forth below, defendant's motion to strike is **DENIED** and defendant's motion for summary judgment is **GRANTED**.

I. BACKGROUND

Plaintiff Rodney Williams, a resident of the state of Michigan, brought suit against defendant Old Dominion Freight Line, Inc., on June 28, 2004, for wrongful termination. (Compl., docket # 1, at 1.) Defendant is incorporated in Virginia, but operates a facility in South Bend, Indiana, and elected to remove proceedings to federal court on July 21, 2004. (Notice of Removal, docket # 2.)

The majority of the facts of this case are not in dispute.  At some point prior to September 23, 2003, plaintiff made a delivery at the Carriage House Apartments located at 1200 Burr Oak Court in Elkhart, Indiana.[1]  After making the delivery, plaintiff left the apartment complex and traveled a different route to return to the highway and was given a traffic citation for driving on a no truck route.  After informing his supervisor that he had received a citation, plaintiff refused to make further deliveries to the address.

Both plaintiff and his supervisor spoke with local authorities and made individual inquiries into the status of the law regarding deliveries on no truck routes.  Through his inquiry, plaintiff's supervisor became satisfied that Elkhart allowed for deliveries on no truck routes as long as the route to and from the address was direct.  On September 23, 2003, after informing plaintiff of his findings, the supervisor instructed plaintiff to make another delivery to the same apartment complex.  Plaintiff refused to make the delivery because he thought it was illegal and was discharged for his refusal on September 26, 2003.

---

[1] There are two different dates that each party has given for the date of this delivery and for the citation that plaintiff received.  Plaintiff alleges in ¶ 4 of his complaint that the date of delivery and citation was on September 18, 2003.  Alternatively, defendant alleges these events occurred on June 18, 2003, in its Answer and First Defense ¶ 4, Memorandum in Support of Summary Judgment at 10, and in the affidavits of Tim Oshinski, plaintiff's supervisor and Officer Sleyton, the officer who issued plaintiff the citation.  However, this discrepancy is not material to defendant's motion to strike or to defendant's motion for summary judgment.

## II. DEFENDANT'S MOTION TO STRIKE

As a preliminary matter the court must address defendant's motion to strike paragraph 2 of the affidavit that plaintiff included with his response to defendant's motion for summary judgment. Defendant alleges that paragraph 2 is hearsay under RULE 801 of the FEDERAL RULES OF EVIDENCE. (Reply in Supp. of Def.'s Mot. to Strike, docket # 23, at 1.) The paragraph in question states:

> 2. Regarding the delivery in question Amy Griner at the Elkhart County Prosecutor's office told me before I was fired that if I got caught driving a truck on a no truck route I would get a ticket. She said, "A no truck route is a no truck route."

(Aff. of Rodney Williams, Pl.'s Resp. to Def.'s Mot. for Summ. J., (hereinafter "Williams Aff.") docket # 19, ¶ 2.) In response, plaintiff argues that Ms. Griner's statement, "A no truck route is a no truck route," is not offered to prove the matter it is asserting, but only "to prove why he thought Old Dominion was asking him to commit an illegal act." (Pl.'s Resp. to Def.'s Mot. to Strike, docket # 22, at 2.)

RULE 801 of the FEDERAL RULES OF EVIDENCE defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(C). Consequently, paragraph 2 of plaintiff's affidavit is not hearsay as long as plaintiff is not offering Ms. Griner's statement to prove the truth of the matter it asserts. Because plaintiff has expressly stated that Ms. Griner's

3

statement is being offered "to prove why he thought Old Dominion was asking him to commit an illegal act," paragraph 2 of the Williams' affidavit can be admitted for this limited purpose. (Pl.'s Resp. Def.'s Mot. to Strike, at 2.) However, paragraph 2 cannot be used to prove whether the act itself was actually illegal.

### III. DEFENDANT'S SUMMARY JUDGMENT MOTION

*A. Legal Standard*

Summary judgment is appropriate if the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(C). Of course, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(C)).

Once the moving party successfully meets its burden, the non-moving party cannot simply rely upon its pleadings, but "must affirmatively set forth facts that show that there is a genuine issue of material fact." *McCarthy v. Kemper Life Ins. Cos.*, 924 F.2d 683, 687 (7th Cir. 1991). In addition, the non-moving party "must present more than mere speculation or conjecture" to defeat a motion for

4

summary judgment. *Sybron Transition Corp. v. Security Ins. Co.*, 107 F.3d 1250, 1255 (7th Cir. 1997). In evaluating whether burdens have been met, courts "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

*B. Analysis*

Plaintiff alleges that he was fired for refusing to violate the law when he declined to deliver a load to an apartment complex that was not on a truck route. Defendant argues that the apartment complex is legally accessible for trucks if it is reached via a direct route to and from the highway. Defendant has moved for summary judgment alleging that there is no genuine issue of fact and that plaintiff's case should be dismissed as a matter of law.

At the outset, the court notes that as a general matter, Indiana adheres to an employment at-will doctrine whereby employers may discharge employees for any or no cause without incurring liability. However, the Indiana Supreme Court has carved out a narrow exception to this rule, holding that an employee cannot be "discharged solely for exercising a statutorily conferred right." *Frampton v. Cent. Ind. Gas Co.*, 297 N.E.2d 425, 428 (Ind. 1973) (holding that an employee cannot be fired for filing a worker's compensation claim). This exception has been expanded to include those instances where an employee is discharged "for refusing to commit an illegal act for which he would be

5

personally liable." *McClanahan v. Remington Freight Lines*, 517 N.E.2d 390, 393 (Ind. 1988) (reasoning that if employees are protected when doing what the law permits, then protection should also extend to employees doing what the law requires); *see also Call v. Scott Brass, Inc.*, 553 N.E.2d 1225, 1229 (Ind. Ct. App. 1990) (holding that the Supreme Court in *McClanahan* did not create "a new cause of action" but "merely adopted and applied the Court of Appeals' interpretation of *Frampton*").

Here, plaintiff argues that he was fired in violation of this exception. Specifically, plaintiff alleges that he was fired for refusing to commit an illegal act when he was discharged for refusing to follow instructions to make a delivery to an apartment complex that was not on a truck route. Elkhart designates only certain roads as truck routes, that is roads that are "suitable and convenient" for "freight-carrying vehicles." Elkhart Traffic Schedule 11(a), Amd. Ordinance 4648 (Jan. 14, 2002). Any delivery to an address not on a truck route must abide by certain restrictions. The apartment complex to which plaintiff was instructed to make a delivery is off of Pleasant Plain Avenue on Burr Oak Court in Elkhart. Neither of these streets is designated as a truck route by the Elkhart ordinance. *Id*.

Defendant has met its burden as the moving party to show that there is "no genuine issue of material fact" by presenting evidence that plaintiff was not asked to violate the law. Most significantly, defendant presents the ordinance

6

that regulates deliveries to addresses on non-truck routes. (Mem. in Supp. of Def.'s Mot. Summ. J., docket # 18, Ex. B.)  The Elkhart ordinance that addresses truck routes, § 74.04(c), states that trucks "may use non-designated streets to the extent reasonably necessary to minimize total distance traveled, provided the route traveled between the points is reasonably direct."  Elkhart City Ordinance Chapter 74, Amd. Ordinance 4648 (Jan. 14, 2002).[2]

Defendant has also presented an affidavit from Officer Sleyton, a now-retired officer who wrote plaintiff the citation for driving on a no truck route after plaintiff's first delivery to the apartment complex.  (Aff. of Officer Sleyton, Mem. in Supp. of Def.'s Mot. Summ. J., (hereinafter "Sleyton Aff."), docket # 18, Ex. D, ¶ 3.)  In his affidavit, Officer Sleyton states that he gave plaintiff a citation because he "did not minimize the distance he traveled on streets designated as no truck routes." (Sleyton Aff., ¶ 2.)  In addition, attached to Officer Sleyton's affidavit is a map on which he highlights the correct route to take to reach the apartment complex.  (Sleyton Aff., Ex. 1.)  Officer Sleyton attests that he "expressly detailed the route [plaintiff] should legally have driven" to plaintiff at the time he got the citation. (Sleyton Aff., ¶ 3.)  The highlighted route connects the highway to the apartment complex via Mishawaka Road and Pleasant Plain

---

[2] The delivery address in question is an apartment complex and, as defendant points out, if trucks were not permitted to reach the location, people would be unable to move in or out or replace furniture and appliances, an entirely nonsensical outcome that the Elkhart statute clearly avoids.

Avenue.  In his affidavit, Tim Oshinski, plaintiff's supervisor, attests that this is the route he "specifically" instructed plaintiff to travel to and from the apartment complex when making a delivery.  (Aff. of Tim Oshinski, Mem. in Supp. of Def.'s Mot. Summ. J., (hereinafter "Oshinski Aff."), docket # 18, Ex. A, ¶ 8.)

Because defendant has met its burden to show that no genuine issue of material fact exists as to whether plaintiff was instructed to perform an illegal act, the burden now shifts to the plaintiff.  As indicated above, plaintiff must establish that a material fact exists and cannot simply rest upon pleadings, speculation, or conjecture.  Plaintiff puts forth essentially three arguments: (1) that the delivery instruction required him to violate the law because his supervisor told him to "retrace his route" but did not explicitly tell him to take the "shortest route"; (2) that the delivery instruction required him to violate the law because he previously received a ticket upon leaving the same apartment building; and (3) that plaintiff's belief in the illegality of the request is sufficient to support his claim of wrongful termination.  (Pl.'s Resp. to Def.'s Mot. for Summ. J., docket # 19, at 3; Pl.'s Resp. to Def.'s Mot. to Strike, docket # 22, at 1-2.)

First, plaintiff insists that his supervisor did not tell him to "take the shortest route." However, this contention is insufficient to dispute defendant's evidence that plaintiff received a legal delivery instruction.  Defendant is not legally required to instruct plaintiff using the phrase "shortest route," or even "reasonably direct" route, the actual language provided by the Elkhart

8

ordinance. Elkhart City Ordinance Chapter 74. Consequently, the absence of either of these phrases does not make an otherwise lawful delivery instruction inappropriate. The issue before the court is simply whether plaintiff was given an instruction that required him to violate the law.

Second, plaintiff offers the fact that he previously received a traffic citation upon leaving the apartment complex as proof of the illegality of the act he was instructed to perform– making a delivery to the same address. (Williams' Aff., ¶ 3.) This argument is insufficient to dispute defendant's evidence that shows that the supervisor's instruction did not require plaintiff to violate the law. Defendant's evidence indicates that plaintiff originally received a traffic citation not because it was illegal to make a delivery at the Carriage House Apartments, but because after making the delivery he "did not minimize the distance he traveled on streets designated as no truck routes." (Sleyton Aff., ¶ 2.) Officer Sleyton, upon issuing plaintiff the traffic citation, "expressly detailed the route that Mr. Williams should legally have driven" upon leaving the Carriage House Apartments. (Sleyton Aff., ¶ 3.) The route that Officer Sleyton instructed plaintiff to travel appears in the record as a map which highlights a route from the Carriage House Apartments to Mishawaka Road via Pleasant Plain Avenue. (Sleyton Aff., Ex. 1.) This is the *very same route* that defendant claims plaintiff was instructed to take by his supervisor on September 23, 2003. Specifically, defendant alleges that plaintiff received instructions to "travel from Mishawaka

9

Road onto Northbound Plain Pleasant Avenue and into the apartment complex" and upon completion of the delivery to "retrace his path back to Mishawaka Road." (Oshinski Aff., ¶ 8.)  Plaintiff does not challenge Officer Sleyton's testimony setting forth the reason why plaintiff received a traffic citation, nor does plaintiff challenge his supervisor's testimony. In fact, plaintiff essentially acknowledges that the route his supervisor instructed him to take matched the route outlined by Officer Sleyton when he states that "his supervisor told him to retrace his route after making the delivery." (Pl.'s Resp. to Mot. for Summ. J., at 3.)

    Finally, plaintiff seems to rely on the fact that he *believed* he was being asked to break the law, and that this belief is sufficient to sustain his cause of action. In support of this contention, plaintiff's affidavit attests that he called and spoke with someone at the Elkhart County Prosecutor's Office who told him that "a no-truck route is a no-truck route." (Williams' Aff. ¶ 2.)  As addressed above, plaintiff states that this confirmed his belief that making a delivery to this address was illegal.  Consequently, plaintiff implies that he cannot be discharged for refusing to make the delivery. While plaintiff's affidavit certainly evidences his belief in the status of the law, it does not show that the instructions he received actually required him to violate the law.  *McClanahan* clearly states that the second exception to Indiana's general employment at will policy is triggered when an employee refuses "to commit an illegal act for which he would have

10

been personally liable." *McClanahan*, 517 N.E.2d at 393.  The court cannot locate, and plaintiff has failed to provide, any case law to suggest that the State of Indiana would consider an employee's *belief* regarding the illegality of the requested action sufficient to sustain a cause of action of wrongful termination.

Thus, this court must assume that the *McClanahan* court meant what it stated: wrongful termination occurs when an employee is discharged for refusing to comply with a request that *requires a law be broken* and for which the employee would be personably liable.  This holding is in line with the law of other employment-at-will jurisdictions.  *See Antley v. Shepherd*, 340 S.C. 541, 550 (S.C. Ct. App. 2000) (declining "to extend the public policy exception to situations where an employee is terminated for refusing to comply with a directive which she simply believes would require her to violate the law"); *Ran Ken, Inc. v. Schlapper*, 963 S.W.2d 102 (Tex. App. 1998).  Consequently, that plaintiff thought the request would violate the law is irrelevant on its own.  The question before the court is whether the delivery instruction plaintiff received *actually* required him to break the law.  Defendant has offered the Elkhart City Ordinance, Officer Sleyton's affidavit, plaintiff's supervisor's affidavit, and even plaintiff's own response and affidavit to show that the route plaintiff was instructed to travel did not require him to violate the law. Plaintiff has not offered sufficient evidence to the contrary.

11

In sum, even after construing all evidence in the non-movant's favor, as is proper in summary judgment proceedings, plaintiff has not sufficiently disputed defendant's evidence that plaintiff was given instructions to make a legal delivery. Therefore, there is no genuine issue of material fact warranting trial and summary judgment for defendant is proper.[3]

## IV. CONCLUSION

For the foregoing reasons, the court finds that paragraph 2 of plaintiff's affidavit is not hearsay; therefore, defendant's motion to strike (docket # 20) is **DENIED**. Nonetheless, because there is no genuine issue of material fact remaining for trial, defendant Old Dominion Freight Line, Inc.'s motion for summary judgment (docket # 17) is **GRANTED**. The clerk is directed to **ENTER**

---

[3] This court does not reach the issue of collateral estoppel raised by defendant because the present motion for summary judgment has been resolved on other grounds. However, even if this court were to reach the issue, summary judgment would still be granted in favor of defendant. Defendant argues that because an ALJ made a finding of fact that plaintiff had not been requested to violate the law, plaintiff is collaterally estopped from re-litigating that specific issue in the present case. Numerous cases from the Supreme Court and the Seventh Circuit clearly state that forum law should determine if an administrative proceeding can be given collateral effect in federal court. *University of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986); *Klein v. Perry*, 216 F.3d 571, 573 (7th Cir. 2000). Indiana law holds that proceedings before an ALJ should be given collateral effect if four criteria are met. *McClanahan*, 517 N.E.2d at 394. These four factors are: (1) whether the issues sought to be estopped were within the statutory jurisdiction of the agency; (2) whether the agency was acting in a judicial capacity; (3) whether both parties had a fair opportunity to litigate the issues; and (4) whether the decision of the administrative tribunal could be appealed to a judicial tribunal. *Id.* In the present case, each of these four criteria seem to be satisfied.

**FINAL JUDGMENT** stating: "Judgment is entered in favor of defendant Old Dominion Freight Line, Inc., and against plaintiff Rodney Williams, who shall take nothing by way of his complaint."

                                **SO ORDERED.**

**ENTER:** March 28, 2006

                                s/James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT